# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Amy Joyce Gunn Hoyt, formerly known as Amy Joyce Gunn Gould, individually, and as guardian *ad litem* and trustee for Simms Augustus Hoyt, formerly known as Simon Augustus Gould, a minor fifteen (15) years of age, and Raphael Augustus Hoyt, formerly known as Raphael Charles Augustus Gould, a minor under the age of fourteen (14) years), <br><br> Plaintiffs, <br><br> v. <br><br> Phoenix Life Limited and Scottish Provident Institution, <br><br> Defendants. | Civil Action No. 2:18-02759-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motion to stay ruling on Defendants' motion to dismiss and for jurisdictional discovery. (Dkt. No. 6.) For the reasons set forth below, the Court grants the motion.

**I.    Background**

Plaintiff Amy Joyce Gunn Hoyt, individually and on behalf of two of her minor children, brought this case against Defendants Scottish Provident Institution ("SPI") and Phoenix Life Limited ("PLI") in the Charleston County Court of Common Pleas on August 14, 2018. (Dkt. No. 1-1.) Defendant SPI is a life insurance company headquartered in Glasgow, Scotland, and Defendant PLI is a life insurance company based in Birmingham, England. (*Id.*) Plaintiff alleges

that the Defendants sold a life insurance policy (the "Policy") to her ex-husband in 1999,[1] and brings claims for breach of contract, estoppel and bad faith based on the Defendants' alleged failure to pay benefits after her ex-husband's death. (*Id.* at ¶¶ 66 – 142.) Plaintiff's ex-husband was a citizen of the United Kingdom, and the Policy provided 1.2 million pounds sterling of coverage. (*Id.* at ¶ 7, Dkt. No. 6 at 6.) Plaintiff and her ex-husband moved to South Carolina in 2004. (Dkt. No. 1-1 at ¶ 10.) Plaintiff alleges that she had a vested ownership interest in the Policy no later than 2006, as part of a settlement agreement and a divorce decree from South Carolina family court. The Policy was also allegedly a part of a flexible gift trust, of which Plaintiff was an additional trustee, and her children were beneficiaries. (*Id.* at ¶¶ 19 – 20.)

On October 10, 2018, Defendants removed the case to this Court. (Dkt. No. 1.) On October 16, 2018, the Defendants moved to dismiss for lack of personal jurisdiction. (Dkt. No. 4.) The Defendants allege that they are both corporations based in the United Kingdom and have never transacted any business or marketed any services in South Carolina. (Dkt. No. 4 at 3 – 4.) The Defendants further allege that they never had a contractual relationship with Plaintiff, only her ex-husband, and that Plaintiff initiated the only contacts the Defendants had with her in South Carolina. (*Id.* at 4 – 5.) To support their motion, Defendants relied in part upon a declaration from the Customer Director of Defendant PLI, Plaintiff's ex-husband's application for coverage, and a Policy explanation dated March 1998. (Dkt. Nos. 1-4; 1-5; 1-7.) All were submitted with Defendants' notice of removal. (*Id.*) Defendants further allege that a forum selection clause identifies the United Kingdom as the proper forum for this action. (Dkt. No. 4 at 4.)

---

[1] Defendant SPI issued the life insurance policy, and Defendant PLI acquired the life insurance policy from SPI in 2009. (Dkt. No. 1-1 at ¶¶ 7, 39.)

On October 19, 2018, Plaintiff requested that the Court stay ruling on the motion to dismiss and instead order limited jurisdictional discovery, specifically seeking the entire file of the Policy and also authorization to take a 30(b)(6) deposition. (Dkt. No. 6 at 6.) Plaintiff alleges there are documents showing communications with South Carolina spanning many years and that establish Plaintiff's ownership interest. (*Id.* at 3.) Plaintiff's Complaint further alleges that the Defendants intentionally entered into a contract to be performed in South Carolina and agreed to provide coverage to Plaintiff in South Carolina. (Dkt. No. 1-1 at ¶¶ 2 – 3.) Defendants oppose the motion. (Dkt. No. 11.)

## II. <u>Legal Standard</u>

When personal jurisdiction is challenged, the burden is on the plaintiff to establish jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).[2] To meet their burden, a plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with constitutional due process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Since South Carolina's long-arm statute extends to the constitutional limits of due process, the only inquiry is whether due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128 (S.C. 1992).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

---

[2] After jurisdictional discovery, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. *See Gourdine v. Karl Storz Endoscopy-Am., Inc.*, 223 F. Supp. 3d 475 (D.S.C. 2016).

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Plaintiff concedes that the Court does not have general jurisdiction over the Defendants. (Dkt. No. 6 at 2.) Therefore, to determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003).

### III. Discussion

A Court may compel discovery to aid in its resolution of personal jurisdiction issues. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) ("limited discovery may be warranted to explore jurisdictional facts in some cases."). *See also Poole v. Transcon. Fund Admin. Ltd.*, No. CV 6:12-2943-MGL, 2013 WL 12243970, at *5 (D.S.C. Aug. 7, 2013). "When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992). However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

Jurisdictional discovery is clearly appropriate here. Jurisdiction will turn on whether Plaintiff can prove that the Defendants had the requisite minimum contacts to subject them to the Court's specific personal jurisdiction. The conclusion will depend on any communications and contractual dealings the Defendants had with Plaintiff in South Carolina, such as Plaintiff's allegation that the Defendants intentionally entered into a contract to be performed in South Carolina and agreed to provide coverage to Plaintiff in South Carolina. (Dkt. No. 1-1 at ¶¶ 2 – 3.)

Depending on the type and extent of these contacts and contracts, they may be sufficient to confer jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 78 S. Ct. 199 (1957) (jurisdiction appropriate based on an insurance contract which had a "substantial connection" with California where premiums were mailed from there and insured was a resident of the state). *But see Le Bleu Corp. v. Standard Capital Grp., Inc.*, 11 F. App'x 377, 380 (4th Cir. 2001) (no jurisdiction where parties exchanged mail and phone calls, defendant's employees visited North Carolina twice, payment was mailed from North Carolina, and contract was signed in North Carolina). Plaintiff alleges that she does not have access to the insurance plan documents, communications or contracts necessary to prove the allegations that may give rise to jurisdiction, and claims that these documents do exist as shown by Defendants' reliance on some of them in their motion to dismiss. Therefore it is appropriate for the Court to order jurisdictional discovery. This limited discovery is particularly appropriate here as the Defendants cite to parts of the allegedly relevant documents in their motion to dismiss, and without discovery the Court would be left to rely on the representations of only one party regarding which documents are relevant to jurisdiction.

Defendants additionally argue that jurisdictional discovery is inappropriate because, even if the Plaintiff could prove the requisite minimum contacts, the Policy contains a forum selection clause identifying "England and Wales, Scotland or Northern Ireland" as the proper jurisdiction for any claims under the Policy. (Dkt. No. 1-7 at ¶ 12.14.) However, the forum selection clause additionally states that the proper forum is dependent on a "policy schedule" that may affect applicable law. While Defendants included a policy schedule from January 21, 1999, the Policy acknowledges that there may be later issued policy schedules, which conceivably could affect the enforceability of the forum selection clause. (Dkt. Nos. 1-7 at ¶ 1.1(d); 1-8). Additionally, Plaintiff

has not had a chance to fully brief the issue of the forum selection clause, which would be aided by discovery of documents relevant to jurisdiction.

Plaintiff is therefore entitled to jurisdictional discovery, which shall close sixty (60) days from the issuance of this order. As identified in their motion, and since Plaintiff acknowledges that the Court does not have general personal jurisdiction, Plaintiff may seek discovery related to Defendants' contacts with South Carolina only related to the Policy that is the subject of this action. Plaintiff may also conduct one Fed. R. Civ. P. 30(b)(6) deposition limited to Defendants' contacts with South Carolina specifically pertaining to the Policy at issue.

In light of the Court's ruling granting jurisdictional discovery, Defendants' current motion to dismiss (Dkt. No. 4) is denied as moot, with leave to refile no later than fourteen (14) days after the close of jurisdictional discovery.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to stay ruling on Defendants' motion to dismiss and for jurisdictional discovery (Dkt. No. 6). **IT IS ORDERED THAT** Plaintiffs must complete jurisdictional discovery within sixty (60) days from the date of this order. **IT IS FURTHER ORDERED THAT** Defendants must either answer the Complaint or renew their motion to dismiss no later than fourteen (14) days after the close of jurisdictional discovery. Defendant's motion to dismiss (Dkt. No. 4) is therefore **DENIED AS MOOT**, with leave to refile.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 3, 2018
Charleston, South Carolina